UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOAN GREEN,

          Plaintiff,

    v.

AUTOZONERS, LLC,

          Defendant.

No.  2:25-cv-01499-TLN-CKD

ORDER

      Defendants AutoZoners, LLC, ALLDATA, LLC, and AutoZone, Inc.'s motion to overrule objections to subpoena and authorize production are before the Court. (ECF No. 18.) The parties appeared via Zoom for a hearing on May 20, 2026. Taylor Markey appeared for Plaintiff Joan Green. Michael Hoffman appeared for Defendants. The motion is GRANTED IN PART and DENIED IN PART as set forth below.

**I.    Background**

      Defendants removed this case to this court on the basis of diversity jurisdiction. (ECF No. 1.) Plaintiff alleges claims against her former employers as follows: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to engage in the interactive process; (3) failure to provide reasonable accommodations; (4) retaliation in violation of the FEHA; (5) retaliation and interference in violation of the California Family Rights Act ("CFRA"); (6) failure to prevent discrimination; (7) wrongful termination in violation

1

of public policy; and (8) violation of California's Unfair Competition Law. (ECF No. 1-1.)

Plaintiff alleges she was hired by Defendants on December 27, 2004. (ECF No. 1-1 at ¶ 14). Plaintiff alleges she suffers from a degenerative disc disorder that escalated in chronic pain around late 2023 and early 2024. *Id*. at ¶¶ 16-17. Plaintiff alleges she was instructed to take a leave of absence by Defendants on or about March 1, 2024, after an emergency room visit. *Id*. at ¶ 18. Plaintiff later claims she was "forced" to request her medical leave be extended to July 31, 2024, at the insistence of her doctor due to her ongoing pain. *Id*. at ¶ 20. Defendants allegedly informed Plaintiff that consideration of her request for extended leave of absence, she would be replaced due to "current needs of the business." *Id*. at ¶ 21. Plaintiff allegedly received another letter from Defendants on May 13, 2024, which had stated that her leave had expired as of May 4, 2024. *Id*. at ¶ 22.

The parties dispute how and when Plaintiff was terminated from both Defendants and Plaintiff's other employer whose records are at issue here, Yesco. Plaintiff alleges she was wrongfully terminated by Defendants as of May 2, 2024. *Id*. at ¶ 23. Defendants argue Plaintiff was allowed to remain employed after her request for a leave of absence by remaining on leave to pursue other openings. (ECF No. 18-1 at 4.) Further, Defendants allege Plaintiff received notice that her leave of absence had expired in March 2025, and her employment with Defendants terminated retroactively to July 31, 2024, based on the prior note with her doctor. *Id*. The parties stipulate that Plaintiff was employed by Yesco from January 21, 2025, to April 3, 2025.[1] (ECF No. 18-1 at 2.) Plaintiff alleges her husband was diagnosed with cancer during her employment with Yesco. *Id*. at 7-8. Plaintiff alleges Yesco denied her request to work remotely to assist her husband with his care, and ended Plaintiff's employment during her probationary period. *Id* at 8.

On March 19, 2026, Defendants gave Plaintiff a notice of intent to serve a subpoena on Yesco containing nine categories of document requests. *Id*. at 2. Defendants served the subpoena, and documents have been produced to Defendants. *Id*. Defendants aver that the documents have

---

[1] The Court finds it significant to its analysis that the dispute about Plaintiff's termination from Defendants' employment suggests that Plaintiff's employment at Yesco may have been concurrent, rather than subsequent, to her employment with Defendants.

not been opened pending the resolution of the dispute. *Id.* As the parties confirmed at the hearing, there are three disputed requests for production remaining. *Id.*

II. **Legal Standards**

The Court has broad discretion and authority to manage discovery. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("[W]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court." (internal quotation marks and citations omitted)); *see Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

The scope of discovery allowed under a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *In re Subpoena to Apple Inc.*, 2014 WL 2798863, at *2 (N.D. Cal. June 19, 2014); *see* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)[.]").

A party typically does not have standing to quash a subpoena served on a third party, unless "the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010). "California recognizes a limited privacy right in employment records." *Hooks v. Target Corporation*, 2022 WL 18142528, at *3 (C.D. Cal. Dec. 29, 2022). "Thus, a privacy interest in the documents may warrant a party intervention." *Burk v. CRISIS24*, 2025 WL 1723170, at *6 (C.D. Cal. May 7, 2025).

III. **Discussion**

A. **RFP No. 7**

Request for Production ("RFP") No. 7 requests "All DOCUMENTS related to [Plaintiff] failing to appear for work, absenteeism, tardiness, or other form of attendance problems." (ECF No. 18-1 at 6.)

Defendants argue RFP No. 7 is relevant to Plaintiff's allegations regarding her alleged condition, impairment(s), ability to work with or without accommodation, job performance, economic damages, mitigation of damages, and general damages for emotional and physical

distress, as well as her credibility on the same matters. *Id*. citing *Burk v. CRISIS24, Inc*., 2025 WL 1723170, at *7-9 (C.D. Cal. May 7, 2025); *Botta v. PricewaterhouseCoopers LLP*, 2018 WL 6257459, at *2; *Davis v. Kelly Services, Inc*., 2017 WL 105692943, at *6 (C.D. Cal. Jul. 12, 2017); *Kellgren v. Petco Animal Supplies, Inc*., 2015 WL 11237636, at *3-4 (S.D. Cal. Apr. 10, 2015); *Frazier v. Bed, Bath, & Beyond, Inc*., 2011 WL 5854601, at *1 (N.D. Cal. Nov. 21, 2011); *Sirota v. Penske Truck Leasing Corp*., 2006 WL 708910, at *2 (N.D. Cal. Mar. 17, 2006).

Plaintiff contends that Defendant's request for production lacks a specific factual basis in whether Plaintiff had made misrepresentations regarding her Yesco employment. Plaintiff first addresses the ruling in *Hooks v. Target*, which partially granted plaintiff's motion to quash a third-party subpoena on records related to a concurrent employer. (ECF No. 18-1 at 8) (citing 2022 WL 18142528, at *4 (C.D. Cal. Dec. 9, 2022). The court partially granted the motion to quash based on the defendant "show[ing] no legitimate need for plaintiff's employment records unrelated to her injury, disability, accommodations, and damages mitigation, other than a desire to evaluate her credibility generally." *Hooks*, 2022 WL 18142528, at *4.

Plaintiff also cites *Burk*, in which the court allowed discovery from a subsequent employer after a showing that the plaintiff made multiple factual misrepresentations about his employer history. (ECF No. 18-1 at 9) (citing 2025 WL 1723170, at *7-8). Plaintiff also finds support in *Davis*, in which the court again allowed production of subsequent employer disciplinary records after finding that the plaintiff misrepresented facts such as her employment history, wages, and reason for leaving. (ECF No. 18-1 at 9.) (citing 2017 WL 105682943, at *6.)

Defendants do not allege a specific and concrete factual predicate of a misrepresentation made by Plaintiff regarding her employment activity with Yesco, unlike in *Burk* and *Davis*. However, the Court finds RFP No. 7 is relevant outside of a desire to evaluate Plaintiff's credibility. *See Botta*, 2018 WL 6257459, at *2 (denying plaintiff's motion to quash subpoenas requesting records related to the plaintiff's compensation, benefits, termination, and any complaints, criticisms, or concerns at a subsequent employer outweighed the plaintiff's privacy interests); *see Sirota*, 2006 WL 708910, at *2 (finding that the relevance of the defendants' requests for records relating to attendance, separation, discipline records, and leaves of absences

outweighed the plaintiff's privacy interests in a FEHA and CFRA suit). Therefore, the Court grants Defendants' request to overrule Plaintiff's objections to the requests for production and compel compliance by Yesco for RFP No. 7.

### B. RFP No. 8

RFP No. 8 requests "All DOCUMENTS related to [Plaintiff's] separation of employment with [Yesco], including but not limited to, correspondence, termination notice, resignation, records describing reasons for separation, investigation and findings of misconduct, severance payment, final paycheck, and all communications regarding the same." (ECF No 18-1 at 6.)

Defendant cites the same caselaw as in RFP No. 7, arguing that the requested records are relevant to Plaintiff's ability to work, job performance, economic damages, mitigation of damages, the causes behind allegations of emotional distress, and Plaintiff's credibility. *Id*.

Plaintiff does not object to the production of her offer letter and termination notice from Yesco, arguing that production of the letter will definitively answer whether Plaintiff's termination was for cause. (ECF No. 18-1 at 9.) However, Plaintiff objects to the remainder of RFP No. 8, arguing that the only question RFP No. 8 serves is whether Plaintiff was terminated for cause, and the request for the remaining documents serves as a fishing expedition. *Id*. at 9-10. Plaintiff also argues that Defendants have failed to allege a specific factual predicate for misrepresentation regarding Plaintiff's end of employment from Yesco. *Id*. at 10.

The Court finds that the requests for Plaintiff's termination notice, resignation, records describing reasons for separation, and final paycheck are relevant. *See Botta*, 2018 WL 6257459, at *2 (denying plaintiff's motion to quash subpoenas requesting records related to the plaintiff's compensation, benefits, termination, and any complaints, criticisms, or concerns at a subsequent employer outweighed the plaintiff's privacy interests); *see also Heard v. Costco Wholesale Corporation,* 2020 WL 515841, at *2 (D. Nev. Jan. 31, 2020) (finding request for termination records from subsequent employers to be relevant to mitigation defense). Therefore, the Court grants in part and denies in part Defendants' request to overrule Plaintiff's objections to the requests for production and compel compliance by Yesco for RFP No. 8.

/////

**C. RFP No. 9**

RFP No. 9 requests "All DOCUMENTS reflecting any complaint of discrimination, harassment, retaliation, wrongful termination, or unfair treatment made by [Plaintiff] regarding her employment with [Yesco]." (ECF No. 18-1 at 7.)

Defendants argue these documents are relevant to Plaintiff's allegations of lost income and emotional or physical distress damages. (ECF No. 18-1 at 7.) Alternatively, Defendants argue that the documents may reveal that Plaintiff made frivolous allegations or threats while employed at Yesco to extract unwarranted benefits. *Id*. citing *Frazier*, 2011 WL 584601, at *1; *Thomas v. Starz Entertainment, LLC* 2017 WL 11628086, at *2 (C.D. Cal. May 26, 2017). In *Frazier*, the court granted the defendants' request for production for the plaintiff's personnel file at a prior employer based on it being "reasonably calculated that the personnel files may contain evidence of habit… or proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." 2011 WL 5854601, at *1. Similarly in *Thomas*, the court granted the defendant's request for all documents related to plaintiff's prior employment, finding the documents relevant to show a "pattern, practice, or plan" by the plaintiff in making similar wrongful discharge claims with past employers. 2017 WL 11628086, at *2.

Plaintiff objects to RFP No. 9, arguing that the request for production is a general credibility fishing expedition prohibited by the Federal Rules of Civil Procedure. (ECF No. 18-1 at 10.) Plaintiff also argues that the request for discovery is based on speculation and lacks a concrete factual connection between the prior act and the issue for which it is offered. *Id*. at 11. The Court agrees. Defendants' argument that the documents *may* reveal frivolous allegations or threats made by Plaintiff does not signal a reasonable calculation that the documents may evince Plaintiff has a habit of doing so. *See Bryant v. Mattel, Inc*., 2007 WL 5432959, at *3 (E.D. Cal. Apr. 19, 2007) ("'[P]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…' (citation omitted) Fishing expeditions to discover new claims, however, are not permitted.") Therefore, the Court denies Defendants' request to overrule Plaintiff's objections to RFP No. 9.

///

**IV.     Conclusion**

For the reasons set forth above, IT IS ORDERED that:

1.  Defendants' motion for discovery order overruling objections to subpoena and authorizing production (ECF No. 18) for RFP No. 7 is GRANTED; and

2.  Defendants' motion for discovery order overruling objections to subpoena and authorizing production (ECF No. 18) for RFP No. 8 is GRANTED IN PART to the extent that Plaintiff's termination notice, resignation, records describing reasons for separation, and final paycheck shall be produced; in all other respects Defendant's motion is DENIED;

3.  Defendants' motion for discovery order overruling objections to subpoena and authorizing production (ECF No. 18) for RFP No. 9 is DENIED.

Dated:  May 21, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE