**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour (CA Bar No.: 285256)
mehrdad@bokhourlaw.com
1901 Avenue of the Stars, Suite 920
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 300-1705

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (CA Bar. No.: 295045)
josh@falakassalaw.com
1901 Avenue of the Stars, Suite 920
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**THE LAW OFFICES OF TAYLOR MARKEY, PC**
Taylor Markey (CA Bar No.: 319557)
*taylor@markey-law.com*
1901 Avenue of the Stars Suite 520
Los Angeles, California 90067
Tel: 818-274-6995; Fax: 818-743-9646

Attorneys for Plaintiff JOAN GREEN

MICHAEL HOFFMAN, Bar No. 162496
ARENA HOFFMAN LLP
44 Montgomery Street, Suite 1670
San Francisco, CA 94104
Telephone: 415.433.1414
Facsimile: 415.520.0446
Email: mhoffman@arenahoffman.com

Attorneys for Defendants AUTOZONERS, LLC, ALLDATA LLC and AUTOZONE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOAN GREEN,

Plaintiff,

v.

AUTOZONERS, LLC, Nevada Limited Liability Company; ALLDATA, LLC, a Nevada Limited Liability Company; AUTOZONE, INC., a Nevada Corporation; and DOES 1 through 30, inclusive,

Defendants.

Case No. 2:25-cv-01499-TLN-CKD

Hon. Troy L. Nunley

**STIPULATION AND ORDER TO MODIFY DISCOVERY DATES IN PRETRIAL SCHEDULING ORDER**

[Fed. R. Civ. P. 16]

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD

IT IS HEREBY STIPULATED, by and between Plaintiff Joan Green and Defendants AutoZoners, LLC, AutoZone, Inc., and ALLDATA, LLC (collectively the "Parties"), through their respective counsel and subject to Court approval to the following:

1. On April 30, 2026, the Parties filed a stipulation and proposed order (ECF No. 16) to modify the Court's Initial Pretrial Scheduling Order (ECF No. 10), for the reasons stated therein, including medical records discovery, multiple third-party subpoenas, expected testimony from multiple medical providers, probable expert witnesses and Defendants' request for an independent examination, unanticipated electronic discovery issues, and the health of Plaintiff's husband.

2. On May 1, 2026, the Court approved the Parties proposed stipulation and ordered that select dates in the Initial Pretrial Scheduling Order would be modified as follows:

> The close of fact discovery is extended to September 28, 2026;
>
> The deadline for expert witness disclosures is extended to November 25, 2026;
>
> The supplemental discovery deadline is extended to February 23, 2027;
>
> The deadline for filing dispositive motions is extended to March 25, 2027;
>
> All other deadlines set forth in the Initial Pretrial Scheduling Order that are triggered by the close of discovery or the dispositive motion deadline are adjusted accordingly.

(ECF No. 17 at 5)

3. Since then, the parties have worked diligently but encountered additional delays in their efforts to complete discovery by the discovery cutoff of September 28, 2026. Among them:

a. Plaintiff's deposition, first noticed in March 2026, was deferred for reasons including the serious illness of Plaintiff's husband (reflected in the Court's May 1, 2026 order), and is now set for September 14, 2026 by Defendants' Second Amended Notice of Deposition.

b. The Parties are working to resolve multiple deposition and discovery disputes without the necessity of Court intervention.

c. Plaintiff served supplemental written responses on May 22, 2026, and made a rolling production of responsive documents on July 9, July 10, July 13, and July 17, 2026, together with a privilege log served July 17, 2026. Certain behavioral health treatment records remain outstanding from two third-party provider locations. Those records were not included in the third-party medical production Plaintiff received earlier in the case, and following entry of the stipulated protective order on April 30, 2026 (ECF No. 15), Plaintiff initiated formal requests to both locations on May 22, 2026. Six written requests have since been sent to each location, with more than thirty

ARENA HOFFMAN LLP
44 Montgomery St., Suite 1670
San Francisco, CA 94104
415.433.1414

documented follow-up attempts and no substantive production to date. Plaintiff continues to pursue those records, including by subpoena, and will produce responsive, non-privileged records promptly upon receipt.

d. Defendants have indicated that they may seek an independent medical examination under Federal Rule of Civil Procedure 35, and further contend that the aforementioned circumstances have impaired the Rule 35 process. Plaintiff disputes Defendant's characterization and does not agree that any such examination is warranted and reserves all objections, and nothing in this stipulation constitutes an acknowledgment concerning any such examination; and

e. Defense counsel is currently scheduled for two jury trials in September (one of which has been continued three times and will very likely proceed).

3. The Parties have agreed to the following deposition schedule and will complete all party-affiliated depositions no later than September 30, 2026, other than any deposition under Rule 30(b)(6) of AutoZoners, LLC or AutoZone, Inc. that Plaintiff may notice, which shall be completed no later than the close of fact discovery: Amy Maguire, August 27, 2026; Luke Estrella, September 9, 2026; Plaintiff Joan Green, September 14, 2026; Herb Collier, September 18, 2026; and Michelle Hamer, September 22, 2026. Defendants intend to designate Ms. Maguire, Mr. Estrella, Mr. Collier, and Ms. Hamer as Rule 30(b)(6) representatives on the topics noticed in Plaintiff's Rule 30(b)(6) notice (served August 17, 2026).

4. Any deposition date set out above may be changed by written agreement of counsel, which may be by electronic mail, without further order of the Court; the deposition shall then proceed on the agreed date as though noticed for that date. A Party seeking to change a date shall provide two alternative dates within ten days of the original date, on one of which the deposition shall proceed, and no change shall extend a deposition beyond the completion date set out above absent written agreement of the Parties. Provided, however, that the Parties agree to cooperate in good faith and neither delay the depositions without good reason nor to oppose minor scheduling adjustments without good reason.

5. ALLDATA, LLC shall identify its Rule 30(b)(6) designee or designees, and the topics on which each will testify, no later than August 24, 2026. Any witness designated under Rule

30(b)(6) who is also noticed individually will be produced once, in both capacities, in a single sitting on a single day. Any motion for a protective order concerning Plaintiff's Fourth Amended Rule 30(b)(6) notice shall be filed no later than August 26, 2026.

6. Plaintiff will produce the outstanding third-party medical provider records promptly upon receipt. If any such records are produced fewer than ten days before Plaintiff's deposition, Defendants may elect to continue that deposition, in which case Plaintiff will provide three alternative dates within ten days of the original date and the deposition shall proceed on one of them, subject to the completion date set out above. Plaintiff agrees to execute all appropriate authorizations requested or customarily required by medical and mental health providers to facilitate production of her medical and mental health records.

7. Written discovery served on or before October 23, 2026 shall be timely, with responses due as provided by the Federal Rules of Civil Procedure, and any motion to compel further responses may be filed within twenty-one days after service of the responses. Discovery directed to third parties, including subpoenas under Rule 45, is within the extension provided by this stipulation.

8. Any motion under Federal Rule of Civil Procedure 35 shall be filed no later than October 31, 2026.

9. Based on the foregoing, the Parties stipulate and request that the Court modify dates in the Pretrial Scheduling Order on these matters:

a. The close of fact discovery is extended to November 20, 2026;

b. The deadline for expert witness disclosures is extended to January 29, 2027;

10. In order to maintain other elements of the pretrial schedule, the parties have limited the extensions to discovery matters and do not propose other modifications to the Pretrial Scheduling Order, including the deadline to file dispositive motions. The Parties reaffirm their agreement not to seek any further continuance of the pretrial schedule, absent good cause.

ARENA HOFFMAN LLP
44 Montgomery St., Suite 1670
San Francisco, CA 94104
415.433.1414

Dated: August 19, 2026

/S/ Taylor Markey
TAYLOR MARKEY
THE LAW OFFICES OF TAYLOR MARKEY, PC
Attorneys for Plaintiff
JOAN GREEN

Dated: August 19, 2026

/S/ Michael Hoffman
MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for Defendants
AUTOZONERS, LLC, ALLDATA LLC and AUTOZONE, INC.

**Attestation**

Pursuant to Eastern District Local Rule 131, I attest that all signatories listed above concur in the contents of the document and authorize the filing.

Dated: August 19, 2026

/S/ Michael Hoffman
MICHAEL HOFFMAN

**ORDER**

Pursuant to stipulation and good cause appearing, the Court modifies the Pretrial Scheduling Order (ECF No. 17) as follows:

1. The close of fact discovery is extended to November 20, 2026; and
2. The deadline for expert witness disclosures is extended to January 29, 2027.

All other deadlines in the Pretrial Scheduling Order (ECF No. 17) remain unchanged.

IT IS SO ORDERED.

DATED: August 19, 2026

Troy L. Nunley
Chief United States District Judge

ARENA HOFFMAN LLP
44 Montgomery St., Suite 1670
San Francisco, CA 94104
415.433.1414