**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour (CA Bar No.: 285256)
mehrdad@bokhourlaw.com
1901 Avenue of the Stars, Suite 920
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 300-1705

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (CA Bar. No.: 295045)
josh@falakassalaw.com
1901 Avenue of the Stars, Suite 920
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**THE LAW OFFICES OF TAYLOR MARKEY, PC**
Taylor Markey (CA Bar No.: 319557)
*taylor@markey-law.com*
1901 Avenue of the Stars Suite 520
Los Angeles, California 90067
Tel: 818-274-6995; Fax: 818-743-9646

Attorneys for Plaintiff JOAN GREEN

MICHAEL HOFFMAN, Bar No. 162496
ARENA HOFFMAN LLP
44 Montgomery Street, Suite 1670
San Francisco, CA 94104
Telephone: 415.433.1414
Facsimile: 415.520.0446
Email: mhoffman@arenahoffman.com

Attorneys for Defendants AUTOZONERS, LLC, ALLDATA LLC and AUTOZONE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOAN GREEN,

Plaintiff,

v.

AUTOZONERS, LLC, Nevada Limited Liability Company; ALLDATA, LLC, a Nevada Limited Liability Company; AUTOZONE, INC., a Nevada Corporation; and DOES 1 through 30, inclusive,

Defendants.

Case No. 2:25-cv-01499-TLN-CKD

Hon. Troy L. Nunley

**STIPULATION AND ORDER TO MODIFY DISCOVERY DATES IN PRETRIAL SCHEDULING ORDER**

[Fed. R. Civ. P. 16]

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD

IT IS HEREBY STIPULATED, by and between Plaintiff Joan Green and Defendants AutoZoners, LLC, AutoZone, Inc., and ALLDATA, LLC (collectively the "Parties"), through their respective counsel and subject to Court approval to the following:

1. On August 19, 2026, the Parties filed a stipulation and proposed order (ECF No. 21) to modify the Court's Pretrial Scheduling Order (ECF No. 17), for the reasons stated therein.

2. On August 19, 2026, the Court approved the Parties' proposed stipulation and ordered that select dates in the Pretrial Scheduling Order would be modified as follows:

The close of fact discovery is extended to November 20, 2026;

The deadline for expert witness disclosures is extended to January 29, 2027; and

All other deadlines set forth in the Pretrial Scheduling Order remained unchanged.

(ECF No. 22 at 6)

3. Since then, the parties have worked diligently to complete discovery: completing the depositions of multiple individuals and Rule 30(b)(6) designees; resolution of multiple deposition and discovery disputes without motions or the necessity of Court intervention; completing the deposition of Plaintiff's former employer; service of subpoenas on Plaintiff's medical and mental health providers for deposition testimony and production of documents; and service of supplemental discovery responses and the production of more documents.

4. However, despite the parties' efforts, the parties have encountered additional delays in their efforts to complete discovery by the discovery cutoff of November 20, 2026. Among them:

a. Plaintiff obtained and produced additional medical and mental health records from her third-party providers on October 9 and October 26, 2026, with redaction logs served under the stipulated protective order (ECF No. 15). The parties have conferred regarding certain of the redactions and regarding the scope of Defendants' subpoena to Plaintiff's providers, and those disputes may require Court intervention. Defendants contend that the volume of the redactions has impaired their preparation and ability to thoroughly question Plaintiff and her providers at deposition, as well as the ability of Defendants' retained expert to assess and proceed with an examination under Federal Rule of Civil Procedure 35. Plaintiff disputes these contentions.

b. Defendants served a subpoena for deposition testimony and the production of documents on Plaintiff's providers, through a registered agent, on September 14, 2026. Based on the correspondence and a phone call with counsel for Plaintiff's providers, Defendants postponed the November 5, 2026 deposition and, on November 5, 2026, issued a new subpoena to Mercy Medical

ARENA HOFFMAN LLP
44 Montgomery St., Suite 1670
San Francisco, CA 94104
415.433.1414

Group with a compliance date of December 4, 2026. The Parties are conferring with the providers on a date for the deposition close to the date of Plaintiff's deposition. Plaintiff intends to move to modify the subpoena and for a protective order. Any such motion filed within seven days after the informal discovery conference described below, or by December 11, 2026 if no conference has been held by December 4, 2026, shall be timely, and Defendants will not take testimony or accept production from the providers while the dispute is pending. The Parties will first present the dispute to the assigned Magistrate Judge by informal telephonic discovery conference. They will jointly request the conference no later than November 20, 2026, to be held on the earliest date the Court has available and no later than December 4, 2026. The December 4, 2026 compliance date is continued to December 11, 2026.

c. In addition to compliance with the subpoena and completion of the deposition, Defendants timed the subpoena and deposition to be completed before the deposition of Plaintiff, then noticed for November 12, 2026. Defense counsel's trial in another matter was thereafter continued several times, to dates that conflicted with that deposition. The Parties have agreed to proceed with the deposition of Plaintiff on December 14, 2026, and Defendants served a Fourth Amended Notice of Deposition for that date on November 6, 2026.

d. The parties have encountered unanticipated issues regarding production of Defendants' electronically stored information ("ESI"). The parties continue to confer on solutions which may avoid discovery motions to the Court. Defendants have since located additional Microsoft Teams messages and will produce them. In the event that Defendants locate and produce additional documents or ESI after the deposition of a defense witness, Plaintiff may request to reopen that witness's deposition, limited to the subsequently produced documents or ESI, and the Parties will confer in good faith regarding any such request. Any reopened deposition may proceed within the fact discovery period or within twenty-one days after the production, whichever is later.

5. The Parties have agreed to the following deposition schedule and will complete the following depositions no later than December 31, 2026, except as stated below: Plaintiff Joan Green, on December 14, 2026, which date is fixed and shall not be changed absent written agreement of the Parties; the medical and mental health providers of Plaintiff, on December 11, 2026, if the providers

are available on that date, subject to any motion by Plaintiff under Rule 45(d)(3) or Rule 26(c); Ricardo Martinez, formerly Retention Manager at ALLDATA, by subpoena, on a date to be agreed that is no later than December 31, 2026; and any deposition reopened under paragraph 4(d). Any other deposition date set out above may be changed by written agreement of counsel, which may be by electronic mail, without further order of the Court, and the deposition shall then proceed on the agreed date as though noticed for that date. If the dispute described in paragraph 4(b) has not been decided by December 9, 2026, or the providers are not available on December 11, 2026, the providers' deposition and any production under the subpoena will proceed on a date to be agreed that is within twenty-one days after the Court's ruling, and may be completed after the close of fact discovery. Paragraph 6 of the Parties' August 19, 2026 stipulation (ECF No. 21) does not apply to records produced under the subpoena.

6. On November 5, 2026, Defendants requested that Plaintiff stipulate to an examination under Federal Rule of Civil Procedure 35, and the Parties are conferring on that request. Nothing in this stipulation modifies paragraph 8 of the Parties' August 19, 2026 stipulation (ECF No. 21), and each side reserves its positions regarding any such examination, including as to timeliness.

7. Written discovery served on or before November 30, 2026 shall be timely, with responses due as provided by the Federal Rules of Civil Procedure. Any dispute concerning such written discovery, or concerning a deposition set out in paragraph 5, may be presented to the assigned Magistrate Judge by request for an informal discovery conference or by noticed motion, made before the close of fact discovery or within twenty-one days after service of the responses at issue, whichever is later, and may be heard after the close of fact discovery. Discovery directed to third parties, including subpoenas under Rule 45, is within the extension provided by this stipulation. Nothing in this paragraph limits the time for any motion concerning a subpoena under Rule 45(d)(3) or for a protective order under Rule 26(c).

8. Based on the foregoing, the Parties stipulate and request that the Court modify dates in the Pretrial Scheduling Order on these matters:

a. The close of fact discovery is extended to December 31, 2026; and

b. The deadline for expert witness disclosures is extended to March 1, 2027.

ARENA HOFFMAN LLP
44 Montgomery St., Suite 1670
San Francisco, CA 94104
415.433.1414

In order to maintain other elements of the pretrial schedule, the parties have limited the extensions to discovery matters and do not propose other modifications to the Pretrial Scheduling Order, including the deadline to file dispositive motions. The Parties reaffirm their agreement not to seek any further continuance of the pretrial schedule, absent good cause. Except as expressly modified by this stipulation, the provisions of the Parties' August 19, 2026 stipulation (ECF No. 21) remain in effect.

Dated: November 13, 2026

/S/ Taylor Markey
TAYLOR MARKEY
THE LAW OFFICES OF TAYLOR MARKEY, PC
Attorneys for Plaintiff
JOAN GREEN

Dated: November 13, 2026

/S/ Michael Hoffman
MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for Defendants
AUTOZONERS, LLC, ALLDATA LLC and AUTOZONE, INC.

**Attestation**

Pursuant to Eastern District Local Rule 131, I attest that all signatories listed above concur in the contents of the document and authorize the filing.

Dated: November 13, 2026

/S/ Michael Hoffman
MICHAEL HOFFMAN

**ORDER**

Pursuant to stipulation and good cause appearing, the Court modifies the Pretrial Scheduling Order (ECF No. 17) as follows:

1. The close of fact discovery is extended to December 31, 2026;
2. The deadline for expert witness disclosures is extended to March 1, 2027;
3. The deposition of, and production by, Mercy Medical Group under Defendants' subpoena may be completed after the close of fact discovery to the extent provided in paragraph 5 of the Parties' stipulation.

All other deadlines in the Pretrial Scheduling Order (ECF No. 17), as modified by the Court's August 19, 2026 order (ECF No. 22), remain unchanged.

IT IS SO ORDERED.

DATED: November 13, 2026

Troy L. Nunley
Chief United States District Judge